[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On September 13, 1993, the defendant, applicant Albert E. Burke, applied to the defendant Zoning Board of Appeals to vary the application of § 39.9.1 of the Town of Cheshire's Zoning Regulations. That section mandates that all buildings to be erected must have frontage on a public or private street ". . . or shall have an unobstructed easement of access not less than 50 feet in width to an accepted public street . . . ." The applicant claimed that strict application of the regulations would produce undue hardship because the applicant only had a 15' right of way for access to a rear lot. The applicant claimed that the absence of the 50' right of way would prevent him from making any use of his 2 acre rear lot. The application further stated that the 15' right of way was created in 1964 and that in 1964, the Town of Cheshire did not require a 50' access to rear lots. The application claimed that he had no other means of obtaining access to the lot in question. Following a public hearing on October 4 and November 1, 1993, the defendant Zoning Board of Appeals approved the variance at a special meeting on November 9, 1993.
AGGRIEVEMENT
The variance which was granted would allow defendant Burke to build on the rear lot using a 15' right of way which runs across the property of the plaintiffs' Romanik. The exact location of the 15' right of way, and indeed the very existence of the right of way, is subject to dispute. However, neither the location nor the existence is before this court at this time.
This court's only concern with the existence and location of the right of way is to find that the right of way, if it exists, runs across the Romanik property and further that the Romanik property directly abuts the Burke property and is located between CT Page 9194 the Burke property and the public highway known as Bethany Mountain Road. Accordingly, the court finds that the plaintiffs' Romanik are aggrieved.
DISCUSSION
The Zoning Board of Appeals, of the Town of Cheshire found that the defendant Burke had a hardship. The board further found that granting a variance was in harmony with the general intent and purpose of the statutes, and that the hardship was unique to this particular lot. The variance was approved by a vote of four in favor and one against.
The court is mindful of the standard of review on the granting of a variance. The Court is not prepared to second guess the commission on the existence or nonexistence of a hardship or conformity with the general intent and purpose of the regulations. As the court views the matter, the court is presented with a single issue.
The issue in this case is whether or not the defendant Burke's hardship was self-created.
The court granted plaintiffs' motion to admit additional evidence on the question of the initial requirement of a 15' access way. The court finds that the 1954 zoning regulation 3.4 requiring a 15' unobstructed access was only a proposed regulation and had never been adopted by the Cheshire Zoning Commission. The court finds that Cheshire adopted zoning regulations on June 2, 1959 which had no mention of an access requirement. The court finds that the zoning commission amended its regulations on April 8, 1970, and that those amended regulations, in § 52.4, required a 50' access to building lots. The court further finds that the regulations were again amended on September 1, 1975 and that while the numbering was changed from § 52.4 to § 32.9.1 the requirement for a 50' access was remained unchanged.
The parties do not seriously dispute that a variance may not be supported by a self-created hardship. The Supreme Court has held in Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 658
(1980):
 "The hardship which justifies a board of zoning appeals in the granting of a variance must be one which originates in the zoning CT Page 9195 ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved."
The court further held in Kaeser v. Zoning Board of Appeals,218 Conn. 438, 445 (1991):
 "When the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance."
It appears to the court that in the instant case there is confusion of analysis between the Connecticut case law on nonconforming lots and the Connecticut case law on self-created hardship.
The defendants in their briefs cite the Supreme Court holding in Bankers Trust v. Zoning Board of Appeals, 165 Conn. 624, 632
(1974) in which the court held, absent a regulation to the contrary, that contiguous land all owned by the same proprietor does not necessarily constitute a single lot.
The court is willing to hold, at least for the sake of this appeal, that Cheshire does not require the combining of nonconforming lots in common ownership so as to produce a conforming lot. The difficulty is that the defendant Burke does not claim to have a nonconforming lot with a 15' right of way. Indeed if the claim were that the lot is pre-existing nonconforming, then there would be no need for a variance. If Burke can successfully establish a pre-existing nonconforming lot, he is entitled to a building permit, absent other problems, without the necessity of applying for the variance.
In case before the court, the question is not whether Burke was required to combine lots to extinguish a nonconformity but whether he had the opportunity to combine land and avoid the hardship about which he now complains.
It appears to the court that on April 8, 1970, the Town adopted the 50' access requirement which has continued in effect until the present time.
It further appears to the court that following the death of Ruth Burke in 1970, the defendant Albert Burke owned the subject CT Page 9196 property, owned a second piece of property directly to the north of the subject property and a third piece of property, located generally to the east of the second property which had access to Bethany Mountain Road. All the properties are shown on a map of the "Property of Helen F. Russell" filed in the Town Clerk's Office on March 27, 1973.
The court need not decide whether or not Burke had any obligation to combine lots to eliminate the nonconformity of the subject parcel. Neither need the court decide whether or not the subject properly is a pre-existing nonconforming lot with a 15' access running south through the plaintiffs' property to Bethany Mountain Road.
The court does hold that prior to the sale of the third parcel to Custer on April 20, 1972 defendant Burke had the ability to provide the required 50' access to the subject lot.
Burke's hardship was created not by the adoption of the 50' access requirement in April 1970, but by his own action in selling property in April 1972 and leaving himself without the required access.
The court holds that the hardship is self-created and the appeal is sustained. The variance is denied.
Nothing in the opinion is intended to express any opinion by the court on the question of whether or not the subject property is a valid pre-existing nonconforming use.
Kevin E. Booth, Judge